UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FREEDOM TRAIL FOUNDATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER BOSTON MULTI-LINGUAL TROLLEY TOURS, INC., d/b/a DISCOVER BOSTON TROLLEY TOURS INC.<br><br>Defendant. | MAGISTRATE JUDGE Bowler<br>Civil Action No.<br>**04-10923 RCL**<br><br>**JURY TRIAL DEMANDED**<br><br>RECEIPT # 55752<br>AMOUNT $ 150-<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. ___<br>DATE 5-10-04 |

## COMPLAINT

### INTRODUCTION

1.   This is an action for trademark infringement and false designation of origin arising under the Trademark Laws of the United States, 15 U.S.C. §1051, et seq. ("Lanham Act"), and related claims of trademark infringement and unfair competition under the common law and the law of the Commonwealth of Massachusetts.

### THE PARTIES

2.   Plaintiff The Freedom Trail Foundation, Inc. (hereafter "The Foundation" or "Plaintiff") is a Massachusetts nonprofit corporation with its principal place of business in Boston, Massachusetts.

3.   Defendant Discover Boston Multi-Lingual Trolley Tours, Inc. (hereafter "Discover Boston" or "Defendant") is, upon information and belief, a Massachusetts corporation

having its principal place of business in Boston, Massachusetts. Upon information and belief, Discover Boston conducts business under the name Discover Boston Trolley Tours Inc.

## JURISDICTION AND VENUE

4. Federal jurisdiction in this action is based upon 15 U.S.C. §1121 (Lanham Act, §39) and 28 U.S.C. §§ 1331 and 1338. Supplemental jurisdiction over the state law claims is based upon 28 U.S.C. § 1367.

5. Discover Boston is subject to personal jurisdiction and venue in this district pursuant to 28 U.S.C. § 1391(b).

## THE FACTS

6. The Foundation is a Massachusetts nonprofit corporation dedicated to the promotion of, preservation of, and education regarding sixteen national historic sites in the City of Boston, and to preserving and retelling the story of the American Revolution in Boston. The sixteen sites (which include the Old South Meeting House, the Paul Revere House, Faneuil Hall, the U.S.S. Constitution, and the Old North Church, among others) are connected by a red line, defining a path along which people can travel. The Foundation named this path The Freedom Trail and has been promoting it since its inception.

7. The idea behind The Freedom Trail began in 1951 when a Boston journalist named William Schofield conceived of linking sixteen historical sites in Boston to make them more accessible to visitors. Initially, plywood signs were used for this task. But, in 1958, a red line was painted between the sites, essentially creating a walking trail that connected one site to the other. It was then that The Foundation and The Freedom Trail were born.

8. Since the beginning, The Foundation has maintained an educational and historical mission to promote and preserve the historical landmarks along The Freedom Trail. Today, The Foundation continues with that mission. It offers walking tours along The Freedom Trail led by

2

actors dressed as famous historical characters. It provides educational programs to school children across the country, including "Let Freedom Ring!", a yearly series of events during school vacation week designed to commemorate Patriot's Day. And, it presents special events that seek to educate the public about the culture and history of revolutionary Boston. The Foundation has even established an annual award called the Boston Patriot Award, given out to recognize an individual's contributions to the Boston cultural landscape.

9. Millions of visitors each year from across the country walk The Freedom Trail, and thousands of those visitors take part in The Foundation's tours and programs. This is due in large part to The Foundation's promotion of The Freedom Trail. Indeed, in 1997, the Massachusetts Office of Travel & Tourism awarded The Foundation a $100,000 grant to help market The Freedom Trail to visitors. Because of The Foundation's success in this regard, the grant has been renewed each year since. In 2000, First Lady Hillary Rodham Clinton named The Freedom Trail as one of only 16 National Millennium Trails.

10. Like many nonprofit organizations, The Foundation depends upon contributions, grants, and revenues from its activities to continue its operations. The Foundation earns revenue from the tours and programs it conducts and through the licensing and sale of merchandise related to The Freedom Trail. To promote and market its tours and merchandise, The Foundation owns and uses several trade and service marks associated with The Freedom Trail including THE FREEDOM TRAIL and THE FREEDOM TRAIL PLAYERS (hereafter "the Marks").

11. The Foundation has registered in the United States Patent and Trademark Office the marks THE FREEDOM TRAIL, Registration No. 1,639,278 (for organizing, arranging, and conducting walking tours through historical sites in Boston); THE FREEDOM TRAIL

BOSTON, Registration No. 2,833,829 (for organizing, arranging, and conducting walking tours through historical sites in Boston) and THE FREEDOM TRAIL PLAYERS, Registration No. 2,048,772 (for educational and entertainment services in the nature of historical plays, story-telling, and theatrical productions). (Copies of Certificates of Registration for Nos. 1,639,278 and 2,048,772 are attached hereto as Exhibit A. Registration No. 2,833,829 recently issued, and a copy of the Certificate of Registration is not yet available.) These marks are registered on the Principal Register. THE FREEDOM TRAIL, Registration No. 1,639,278, is an incontestable mark pursuant to 15 U.S.C. § 1065 (Lanham Act, § 15).

12. The Foundation has also registered in Massachusetts the marks THE FREEDOM TRAIL, Registration Nos. 43,421 (for small domestic containers), 43,422 (for clothing), 43,423 (for stationary and paper goods), 43,424 (for jewelry and precious stones), 43,425 (for games and playthings), and THE FREEDOM TRIAL PLAYERS, Registration No. 51,636 (for educational and entertainment services in the nature of historical plays, storytelling, and productions) (Copies of the Certificates of Registration are attached hereto as Exhibit B.)

13. The Marks serve as a designation of origin for The Foundation's tours, programs, and merchandise. The Foundation has built up a valuable reputation and goodwill in connection with these products and services.

14. Defendant Discover Boston is in the business of providing trolley tours through Boston and selling related merchandise. Some of Discover Boston's trolley tours travel along portions of The Freedom Trail and pass by certain of the sites along The Freedom Trail.

15. Discover Boston advertises certain of these trolley tours in Boston using the names "Freedom Trail Express" and "Freedom Trail Trolleys." (A copy of certain of Defendant's advertisements is attached hereto as Exhibit C.) Discover Boston also sells

merchandise through its retail outlets with the mark "The Freedom Trail," or other similar marks. (Photographs of certain items from Defendant's merchandise collection are attached hereto as Exhibit D.) Discover Boston operates within the Commonwealth of Massachusetts. Its sales of its tours and merchandise are made in interstate commerce.

16. The marks Discover Boston uses in connection with the sale of its products and services are substantially similar, if not identical, to The Foundation's Marks and are intended to capitalize on The Foundation's reputation and goodwill.

17. Defendant is not now and has never been authorized or licensed in any way by Plaintiff to use or exploit The Foundation's Marks or any mark similar thereto.

18. Defendant is aware of The Foundation's Marks and its use thereof has been knowing, willful, and intentional.

19. Discover Boston's use of the Marks is likely to cause confusion as to the source, affiliation, sponsorship, or endorsement of Discover Boston's products and services.

20. Defendant's conduct in this regard has caused, and will continue to cause, great and irreparable damage, injury, and harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## CLAIMS FOR RELIEF

### COUNT ONE
(Federal Trademark Infringement)

21. Plaintiff repeats and realleges the allegations in paragraphs 1 through 20 above as if fully set forth herein.

22. Upon information and belief, Defendant, by its conduct described above, is using in interstate commerce, reproductions, counterfeits, copies, or colorable imitations of the Foundation's Marks in connection with the sale, offer for sale, distribution, and advertising of its

tours and merchandise. Defendant's use of the infringing marks is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or endorsement of such goods and services, or wrongly lead consumers to conclude that some connection, authorization, or relationship exists between Defendant and Plaintiff, all in willful violation of 15 U.S.C. §1114 (Lanham Act, § 32).

23. Such conduct by Defendant, if not enjoined, will cause confusion, mistake, or deception as to the source of origin or sponsorship of Defendant's goods and services.

24. By reason of Defendant's acts alleged herein, plaintiff has and will suffer damage to its business, reputation, and good will, as well as the loss of sales and profits Plaintiff would have made but for Defendant's acts.

## COUNT TWO
(False Designation of Origin)

25. Plaintiff repeats and realleges the allegations in paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant, by its conduct described above, is using, in connection with the sale of goods and services in interstate commerce, a false designation and representation of the origin of Defendant's goods and services, and a false designation and representation of affiliation, sponsorship, or endorsement by or in connection with Plaintiff, all in willful violation of 15 U.S.C. § 1125(a) (Lanham Act, § 43(a)).

27. Such conduct by Defendant, if not enjoined, will cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's goods and services by The Foundation, or cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant with The Foundation.

6

28. By reason of Defendant's acts alleged herein, plaintiff has and will suffer damage to its business, reputation, and good will, as well as the loss of sales and profits Plaintiff would have made but for Defendant's acts.

### COUNT THREE
(Massachusetts Trademark Infringement)

29. Plaintiff repeats and realleges the allegations in paragraphs 1 through 28 above as if fully set forth herein.

30. Upon information and belief, Defendant, by its conduct described above, is using in commerce within the Commonwealth of Massachusetts, reproductions, counterfeits, copies, or colorable imitations of the Foundation's Marks in connection with the sale, offer for sale, distribution, and advertising of its tours and merchandise. Defendant's use of the infringing marks is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or endorsement of such goods and services, or wrongly lead consumers to conclude that some connection, authorization, or relationship exists between Defendant and Plaintiff, all in willful violation of Massachusetts G.L. c. 110B, § 11 and the common law.

31. Such conduct by Defendant, if not enjoined, will cause confusion, mistake, or deception as to the source of origin or sponsorship of Defendant's goods and services.

32. By reason of Defendant's acts alleged herein, plaintiff has and will suffer damage to its business, reputation, and good will, as well as the loss of sales and profits Plaintiff would have made but for Defendant's acts.

### COUNT FOUR
(Violation of Massachusetts G.L. c. 93A)

33. Plaintiff repeats and realleges the allegations in paragraphs 1 through 32 above as if fully set forth herein.

34. Defendant, by its conduct described above, is engaging in unfair methods of competition and unfair or deceptive acts or practices, in violation of Massachusetts G.L. c. 93A, §§ 2 and 11. Defendant has acted intentionally, willfully, and knowingly in this regard.

35. Such conduct by Defendant, if not enjoined, will cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's goods and services by The Foundation, or cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant with The Foundation.

36. By reason of Defendant's acts alleged herein, plaintiff has and will suffer damage to its business, reputation, and good will, as well as the loss of sales and profits Plaintiff would have made but for Defendant's acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A. That this Court enjoin Defendant from infringing Plaintiff's Marks and all colorable imitations or variations thereof in connection with its business;

B. That this Court award Plaintiff damages to compensate for the Defendant's actions, including but not limited to the Defendant's profits for the sale of its goods or services by the use of Plaintiff's Marks, and any other damages Plaintiff may prove at trial;

C. That Defendant be required to pay Plaintiff up to three (3) times the amount of such damages as Plaintiff has sustained in accordance with 15 U.S.C. §1117 (Lanham Act, §35) and Massachusetts G.L. c. 93A, § 11;

D. That Defendant be ordered to account for and to pay Plaintiff all profits derived by Defendant by reason of its acts of infringement and in violation of law as alleged herein;

E. That this Court award Plaintiff its costs in this action together with reasonable attorney's fees;

F.  That this Court order that all goods consisting of printing plates, all packaging, labels, signs, prints, stationary, packages, receptacles and advertisements in the possession, custody or control of Defendant bearing the Plaintiff's Marks or any colorable imitation thereof and all plates, molds, matrices, and other means of making the same be delivered up and destroyed;

G.  That Defendant be required to promptly file with this Court and serve on Plaintiff's counsel a report, under oath, setting forth the manner and form in which they have complied and are complying with said injunction; and

H.  That this Court grant Plaintiff such other relief as it deems just and reasonable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a jury trial on all issues triable of right by a jury.

Dated: May 10, 2004

Respectfully submitted,

THE FREEDOM TRAIL FOUNDATION, INC.

By: _____
Mark S. Freeman (BBO#636290)
E. Page Wilkins (BBO# 654535)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109-2891
(617) 248-5000